UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN BYERLY,<br><br>               Plaintiff,<br><br>v.<br><br>IDAHO BOARD OF CORRECTION; IDAHO DEPARTMENT OF CORRECTION; ADA COUNTY COURT; ADA COUNTY COURT CLERK; ADA COUNTY PUBLIC DEFENDER; and A. DEWAYNE SHEDD,<br><br>               Defendants. | Case No. 1:19-cv-00229-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Nathan Byerly's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. Plaintiff has since filed an Amended Complaint. The Court now reviews the Amended Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file a second amended complaint if Plaintiff intends to proceed.

**1.**     **Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is

appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2. **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). And a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.

3. **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at the Idaho Maximum Security Institution. Plaintiff is

currently facing Idaho state criminal charges in Ada County Court. *Am. Compl.*, Dkt. 5, at 2. According to the Ada County iCourt database, Plaintiff's trial on those charges is set for November 5, 2019. *See State v. Byerly*, No. CR01-19-05242, https://icourt.idaho.gov/ (accessed Aug. 1, 2019).

Plaintiff claims that, in May 2019, he attempted to file documents in his pending state criminal case but that Defendant Shedd, a prison employee, refused to mail the documents to the Ada County Court. *Am. Compl.* at 2. Because Plaintiff also refers to a petition for writ of habeas corpus that he tried to file, and because Plaintiff recently has been able to file several federal habeas petitions in this Court, he may also be claiming that Shedd refused to mail a state habeas petition to the Ada County Court. *Id*.

Plaintiff asserts that his filings "were due as a matter of law for dispositive action of proceedings against Plaintiff" in his criminal case and that the "failure to bring the filings timely to court result[ed] in prejudice." *Id*.

Plaintiff also states that he was prevented from filing a petition in "U.S. District Court," *id*., but this appears to be incorrect—Petitioner has at least three pending federal habeas corpus petitions challenging the Ada County criminal charges, all of which were filed before Plaintiff filed this action. *See Byerly v. Idaho*, Case No. 1:19-cv-00130-BLW (D. Idaho) (lead case); *see also Byerly v. Idaho*, Case No. 1:19-cv-00182-BLW (D. Idaho) and *Byerly v. Shedd*, 1:19-cv-00213-BLW (D. Idaho) (consolidated July 15, 2019).

Though it is not entirely clear, Plaintiff may be alleging that Defendant Shedd's reason for refusing to mail the documents to the Ada County Court was a mistaken

reliance on this Court's General Order No. 342. *Am. Compl.* at 4. General Order 342 does not apply to state court filings, nor to federal habeas corpus cases. It applies only to non-habeas civil cases filed in this Court by pro se prisoners. *See* D. Idaho G.O. 342(A) (adopted Feb. 7, 2019). According to Plaintiff, Defendant Shedd "confuse[d] Plaintiff['s] filing attempts with Idaho and US Courts." *Id*.

Although Plaintiff appears to allege that he is (or was) proceeding pro se in his state court criminal proceedings, the Ada County iCourt database suggests that Plaintiff has an attorney, David Henry Leroy, in that case. *See* https://icourt.idaho.gov/, Case No. CR01-19-05242.

**4.     Discussion**

Plaintiff has not alleged sufficient facts to proceed with the Amended Complaint, which does not assert a plausible claim for relief. The Court will, however, grant Plaintiff 28 days to file a second amended complaint. Any second amended complaint should take into consideration the following.

   **A.     *Section 1983 Claims***

      i.     <u>Applicable Legal Standards</u>

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472

(2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045. However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205-09.

To bring a § 1983 claim against a municipality (a local governmental entity) such as Ada County, a plaintiff must allege that the execution of an official policy or unofficial

custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against a municipality are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). Further, a municipality or private entity performing a state function "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Prisoners have a right to access the courts under the First and Fourteenth Amendments. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, because the

right of access to the courts is not an "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

To state a viable access-to-courts claim, a plaintiff must plausibly allege that he suffered an actual injury as a result of the defendant's actions. *Id.* at 349. Actual injury may be manifest if the alleged denial of access "hindered [the plaintiff's] efforts to pursue a legal claim," such as having his complaint dismissed "for failure to satisfy some technical requirement," or if he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by [the defendants' actions] that he was unable even to file a complaint." *Id.* at 351.

As with all § 1983 claims, a plaintiff cannot state an access-to-courts claim by alleging that a negligent act by a government official caused the actual injury of which the plaintiff complains. *Krug v. Lewis*, 852 F.2d 571 (Table), 1988 WL 74699, *1 (9th Cir. July 6, 1988) ("While prisoners have a due process right of access to the courts, the negligent act of a public official does not violate that right.") (unpublished) (citing *Daniels*, 474 U.S. at 333).

The Constitution does not require that inmates "be able to conduct generalized research," nor does it "guarantee inmates the wherewithal to transform themselves into litigating engines." *Id*. at 355, 360. Rather, the right of access to the courts requires only that inmates "be able to *present* their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360

(emphasis added).

The right of access to the courts is limited and applies only to direct appeals from convictions for which the inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions. *Lewis*, 518 U.S. at 354-55; *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) ("[P]risoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials.") (emphasis omitted), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). Thus, "[i]mpairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355 (emphasis omitted).

Claims of denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (a forward-looking access claim) or from the loss of a suit that now cannot be tried (a backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002). A complaint alleging a denial of access to the courts must plausibly allege that the plaintiff suffered, or will suffer, the loss of a past or present litigating opportunity. The plaintiff must assert facts supporting three elements: (1) official acts that frustrated the inmate's litigation activities; (2) the loss (or expected loss) of a "nonfrivolous" or "arguable" underlying claim that must be set forth in the federal complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) that the remedy sought through the access to courts claim is not otherwise available in another suit that could be brought. *Id.* at 415-17.

"There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Id*. at 415.

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's actual injury. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

    ii.    <u>Claims against Defendant Shedd</u>

Plaintiff's access-to-courts claims against Defendant Shedd are implausible for at least three reasons. First, the right of access to the courts does not extend to a prisoner who is represented by counsel in the proceeding with respect to which he claims a right of access. The Sixth Amendment guarantees a criminal defendant the right to be represented by counsel. It also includes the right to waive that counsel and to represent oneself. *Faretta v. California*, 422 U.S. 806, 819 (1975) ("The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense."). An accused, therefore, "has the right to represent himself or herself pro se or to be represented by an attorney," but he does not have an absolute right to elect to be represented by counsel and *also* to represent himself or serve as his own co-counsel. *United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995); *see also McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("*Faretta* does not require a trial judge to permit 'hybrid' representation ….").

Therefore, a represented criminal defendant does not have a constitutional right to

separately access the courts in the proceeding in which he has an attorney. If Plaintiff has indeed chosen to be represented by counsel in his pending criminal case, he cannot now complain that he should be allowed to access the courts in that case apart from that counsel. In any second amended complaint, Plaintiff must clarify whether he is represented by counsel in any proceeding with respect to which he asserts a right of access.

Second, Plaintiff has not set forth an underlying claim or defense that he has lost (or will lose)—which, "whether anticipated or lost, is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415. Thus, Plaintiff has not plausibly alleged an actual injury to his right of access to the courts—whether he claims a right of access in a state criminal case or a state habeas case.

Finally, because the criminal case against Plaintiff is ongoing and is currently set for trial, it appears that the presumed remedy Plaintiff seeks—access to the Ada County Court—can still be obtained in that case. *See id.*

### iii. Claims against the Remaining Defendants

Plaintiff's access-to-courts claims against the remaining defendants are implausible for several additional reasons. Most obviously, the Complaint contains no specific allegations that any individual defendant other than Defendant Shedd was personally involved in the alleged constitutional violations, or that they knew of the alleged constitutional violations and failed to act to prevent or to cure them. *See Taylor*, 880 F.2d at 1045.

Additionally, under the Eleventh Amendment, states and state entities are immune

from suit in federal court absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not constitute such a waiver, and Idaho itself has not waived its sovereign immunity for constitutional claims. *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012) (unpublished). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state entity is not considered a "person." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the state-entity defendants are immune from Plaintiff's claims.

Plaintiff also has not plausibly alleged that Defendant Shedd's actions were the result of a policy or practice of Ada County. Instead, he seems to suggest that Defendant Shedd was mistaken about the policies governing his legal mailings.

Finally, Plaintiff's public defender is not a state actor under § 1983. In *Polk County v. Dodson*, the United States Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S. 312, 325 (1981). The Court so held because "it is the constitutional obligation of the State to respect the professional independence of the public defenders whom it engages" and because a public defender "best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing the undivided interests of his client." *Id.* at 318-19, 321-22 (internal quotation marks omitted). Indeed, "a public defender is not acting on behalf of the State; he is the State's *adversary*." *Id.* at 322 n.13 (emphasis added).

iv. Relief Requested

Plaintiff asks that the Court "grant relief and dismiss [and] overturn the conviction-sentence and transfer proceedings." *Am. Compl.* at 2. However, declaring a conviction invalid and ordering release from incarceration are not available remedies under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's claims seeking such relief are implausible.

B. **State Law Claims**

In addition to § 1983 claims, Plaintiff asserts claims under Idaho law. *Am. Compl.* at 2. However, the statutes he cites are all contained in Title 19, Idaho's code of criminal procedure, which governs state court criminal proceedings.[1] These statutes either do not create a private right of action or, in the case of Chapter 42, govern state habeas petitions. Therefore, these Idaho statutes do not appear to provide Plaintiff with a private cause of action in this federal civil rights case.

Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in any event. *See* U.S.C. § 1367(c). If Plaintiff is allowed to proceed on a federal claim in a second amended complaint, and if that amendment states a plausible state law claim, the Court will reconsider the issue of supplemental

---

[1] *See* Idaho Code §§ 19-701 to 19-1711 (fresh pursuit, examination of case and discharge or commitment of accused, mode of prosecution of public offenses, formation of grand jury, powers and duties of grand jury, presentment and proceedings thereon, information and proceedings thereon, indictment, arraignment, setting aside indictment, and pleading by defendant); 19-2408 (new trial and arrest of judgment); 19-3906 (proceedings after plea in magistrate division); 19-3910 (presence of defendant in magistrate division); 19-3926 (motions prior to judgment in magistrate division); and 19-3928 (grounds for arrest of judgment in magistrate division).

jurisdiction.[2]

## 5. Standards for Second Amended Complaint

Plaintiff should keep the above standards of law in mind if he files a second amended complaint. Any such amendment must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific

---

[2] Although Plaintiff also invokes diversity jurisdiction, *see Am. Compl.* at 1, the Complaint does not establish the requirements of such jurisdiction—complete diversity of citizenship between Plaintiff and each Defendant, and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332.

conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an access-to-courts claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing that Plaintiff can meet the *Monell* requirements, explained above, if Plaintiff sues Ada County.

Further, the amendment must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amendment must be legibly written or typed in its entirety, and it should

be clearly designated as the "Second Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files a second amended complaint, Plaintiff must also file a "Motion to Review the Second Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED** that Plaintiff has 28 days within which to file a second amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Second Amended Complaint. If Plaintiff does not amend within 28 days, this case may be dismissed without further notice.

DATED: August 14, 2019

David C. Nye
Chief U.S. District Court Judge