UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN BYERLY,<br><br>        Plaintiff,<br><br>v.<br><br>ADA COUNTY; ADA COUNTY COURT CLERK; ADA COUNTY PUBLIC DEFENDER; ADA COUNTY COURT; STATE OF IDAHO FOURTH DISTRICT; and ADA COURT PROSECUTOR'S OFFICE,<br><br>        Defendants. | Case No. 1:19-cv-00229-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

      Plaintiff Nathan Byerly is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to further amend. (Initial Review Order, Dkt. 7.) The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**1.    Standard of Law**

      As explained in the Initial Review Order, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id*. at 678, 682 (internal quotation marks omitted).

**2.     Discussion**

Plaintiff's Second Amended Complaint does not remedy the deficiencies identified in the Court's Initial Review Order. Plaintiff has omitted several defendants and now sues only municipal entities, either divisions of Ada County or the Fourth Judicial District. *See* Dkt. 9. However, Plaintiff has not plausibly alleged that the actions of which he complains resulted from a policy or practice of Ada County or the Fourth Judicial District, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Therefore, the Second Amended Complaint fails to state a claim for relief under 42 U.S.C. § 1983.

Plaintiff's state-law claims are implausible for the same reason as those set forth in his first amended complaint. *See* Dkt. 7 at 12-13.

Finally, the United Nations Universal Declaration of Human Rights does not create a private right of action in federal court. *See, e.g., Sosa v. Alvarez-Machain*, 542 U.S. 692,

734 (2004) (stating that Universal Declaration of Human Rights and International Covenant on Civil and Political Rights "did not [themselves] create obligations enforceable in the federal courts"); *Bey v. Malec*, 2018 WL 4585472 at *2 (N.D. Cal. Sept. 25, 2018) (dismissing claims for violations of United Nations Declaration on the Rights of Indigenous Peoples and Universal Declaration of Human Rights because neither Declaration is "binding in federal court").

For the foregoing reasons, this case must be dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A.

**IT IS ORDERED:**

1. Plaintiff's Motion for Temporary Stay of Proceedings (Dkt. 8) is DENIED.

2. For the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: October 29, 2019

David C. Nye
Chief U.S. District Court Judge